IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO VELASQUEZ-CONTRERAS,

        Movant,

vs.                                                    No. CV 16-248 MCA/LAM
                                                                  No. CR 91-675 MCA

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

       THIS MATTER is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts on Movant Armando Velasquez-Contreras' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, CR Doc. 2). The Court has conducted an initial consideration of the Motion and determined that Movant Velasquez-Contreras is not entitled to relief. The U.S. Supreme Court's ruling in *Johnson v. United States* has no application to Velasquez-Contreras' sentence and, absent any basis for relief under *Johnson*, Velasquez-Contreras' Motion is barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore, Velasquez-Contreras' § 2255 Motion must be dismissed under rule 4(b).

       Velasquez-Contreras was convicted by a jury on three counts: Count I, bank robbery in violation of 18 U.S.C. § 2113(a) and (d); Count II, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2), and 18 U.S.C. § 924(e); and Count III, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). (CV Doc. 1 at 1; CR Doc. 1 at 6, Doc. 2 at 1). On October 15, 1992, the Court sentenced Velasquez-Contreras to 300

1

months imprisonment on Count I, 37 months as to Count II, and 60 months as to Count III, to be served concurrently, followed by three years of supervised release. (CR Doc. 1 at 7).  Velasquez-Contreras appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit on October 29, 1992.  (CR Doc. 1 at 7).  On appeal, Velasquez-Contreras raised issues of improper admission of fingerprint evidence, an impermissibly suggestive photo array, and erroneous denial of his request for a downward sentencing departure.  The Court of Appeals affirmed the conviction and sentence on all issues.  See Order and Judgment, Tenth Circuit No. 92-2236 (May 19, 1994); CR Doc. 1 at 8.

   The Motion identifies two prior burglary convictions that Velasquez-Contreras contends were improperly used to enhance his sentence, a 1971 conviction for fourth degree burglary in the Fifth Judicial District of New Mexico and a 1990 second degree burglary in the Superior Court of California, County of Tulare. (CV Doc. 1 at 4-5; CR Doc. 2 at 4-5). Velasquez-Contreras challenges the use of these burglary convictions as predicate offenses under the Armed Career Criminal Act ("ACCA") on the grounds that they were "non-generic burglary," not the type of "generic burglary" contemplated by the ACCA.  (CV Doc. 1 at 4-5, CR Doc. 2 at 4-5).

   In his § 2255 motion, Velasquez-Contreras seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct. 2551 (2015). (CV Doc. 1 at 4-5; CR Doc. 2 at 4-5).  In *Johnson*, the Supreme Court held that the residual clause of the ACCA is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process.  135 S.Ct. at 2562-2563.

   Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony."  18 U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
> (i) has as an element the use, attempted use, or threatened
> use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of
> explosives, *or otherwise involves conduct that presents a serious
> potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The Supreme Court, however, specifically stated:

> "[t]oday's decision does not call into question application of the Act
> to the four enumerated offenses, or the remainder of the Act's definition
> of a violent felony." 135 S.Ct. at 2563.

While Velasquez-Contreras's sentence appears to have been enhanced under the ACCA, it was not enhanced under the ***residual clause*** of the Act. Instead, the prior convictions used to enhance his sentence are for the enumerated offense of burglary under § 924(e)(2)(B)(ii). The Supreme Court expressly ruled the enumerated offenses and the remainder of the definition of violent felony remain unaffected by the Court's ruling in *Johnson*. Therefore, *Johnson* has no application to Velasquez-Contreras's sentence and Velasquez-Contreras is not entitled to relief under 28 U.S.C. § 2255 based on *Johnson*.

Even though *Johnson* does not apply to Velasquez-Contreras's sentence, the Court still must determine whether Velasquez-Contreras has raised a cognizable claim under § 2255. This is Velasquez-Contreras first motion to vacate, set aside, or correct his sentence under § 2255. The sole argument raised by Velasquez-Contreras is the "non-generic" vs. "generic" burglary issue. (CV Doc. 1 at 4-5; CR Doc. 2 at 4-5).

The question of whether a particular burglary conviction constituted a "burglary" within the generic sense of the term as used in the ACCA had been raised and U.S. Supreme Court authority existed by the time of Velasquez-Contreras conviction in 1992. *See Taylor v. United States,* 495 U.S. 575 (1990).  Velasquez-Contreras' Motion, on its face, indicates that he did not raise the question of use of the New Mexico and California burglaries on direct appeal, based on the advice of counsel. (CV Doc. 1 at 4, 6; CR Doc. 2 at 4, 6). Although the Motion raises a question of a procedural default under *United States v. Frady*, 456 U.S. 152 (1982), the Court will not reach that issue because Velasquez-Contreras' Motion is clearly barred by the statute of limitations.

Under the AEDPA, § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).  The one-year limitations period runs from: (1) the date the conviction becomes final; (2) the date on which an impediment to federal filing is removed; (3) the date on which the U.S. Supreme Court initially recognizes a new constitutional right made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1), (2), (3), and (4).

Velasquez-Contreras' conviction and sentence became final ninety days after the Tenth Circuit affirmed on June 13, 1994. (CR Doc. 1 at 8). However, for defendants like Velasquez-Contreras whose conviction and sentence became final prior to the enactment of the AEDPA, the one-year statute of limitations period began running on the effective date of the AEDPA, April 24, 1996. *United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir.1997) *overruled on other grounds by United States v. Hurst,* 322 F.3d 1256 (10th Cir. 2003). Velasquez-Contreras' § 2255 motion became time-barred on April 24, 1997, unless one of the other accrual provisions of §

2255(f) applies to his claim. Velasquez-Contreras does not assert, nor does the record disclose, any impediment to his filing a motion and the provisions of §2255(f)(2) are inapplicable. Similarly, since the *Johnson* ruling does not affect Velasquez-Contreras' claim and his argument is governed by Supreme Court precedent existing no later than 1992, § 2255(f)(3) is also inapplicable.  Last, because his Motion indicates he was aware of the factual predicate in 1990, but on the advice of counsel chose not to raise the issue on direct appeal, he cannot invoke § 2255(f)(4).

Velasquez-Contreras' § 2255 Motion based on a claim that non-generic burglaries were improperly used to enhance his sentence has been filed long after the bar date of April 24, 1997. Velasquez-Contreras Motion is time-barred under the one-year statute of limitations of § 2255(f). Therefore, the Court must dismiss his Motion.

The Court also finds that, because *Johnson* is inapplicable and Velasquez-Contreras' Motion is time-barred, Velasquez-Contreras has failed to make a substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Therefore the Court denies a certificate of appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

IT IS ORDERED that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 2) is DISMISSED with prejudice and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE